Dyer v. Huff.

---

HANNAH DYER, *Comp't, versus* THOMAS HUFF.

The statute of 1856, " in relation to witnesses," was not intended to effect any existing statute, but to change the rule of the common law, which excluded parties of record and others from testifying.

It was only an enlargement of certain acts, and contains no repealing section. Neither was it intended to exclude the complainant in a bastardy process, " until the defendant shall first offer himself as a witness," on the ground of an implied offence against the criminal law.

EXCEPTIONS. GOODENOW, J., presiding.

This is a complaint of bastardy.

To sustain the action, the attending physician, Dr. Jesse Sweat, was called, and before being sworn the respondent's counsel objected to the introduction of any testimony showing or tending to show that the complainant at the time of her travail accused the respondent with being the father of said child, because that by the statute of this state, passed April 9, 1856, entitled " an act in relation to witnesses," the provisions contained in chapter 131 of the Revised Statutes, particularly sections 7 and 8, were repealed; and further, that they objected wholly to the complainant's testifying until after the respondent offered himself as a witness. The

presiding justice ruled that the case should proceed in the ordinary mode pursued in such cases prior to the passage of the act of 1856. The witness testified, and the complainant was next sworn, the respondent's counsel still claiming that she could not be a witness until after the respondent "had offered himself" as a witness, but her testimony was received.

The defendant, though objected to by complainant, was introduced and testified as a witness for himself.

The jury found a verdict in favor of the complainant.

*Eastman & Leland, and Tapley,* counsel for respondent.

*D. Hammons,* counsel for complainant.

CUTTING, J. The statute of 1856, chapter 266, entitled "An act additional in relation to witnesses," was not intended to effect any of the then existing statutes of the state, but was designed to change the rule of the common law, which excluded parties of record, and those having any interest in the event of the suit, from testifying. It was only an enlargement, as its title imports, of certain acts, admitting certain persons to give evidence in cases where by the common law, they were held incompetent, such as inhabitants of cities, towns and plantations, and members of certain corporations. The act contains no repealing section, which is usually inserted, when in conflict with a pre-existing statute. Its most ardent advocates did not mean by its provisions to exclude a person from being a witness, who was before admissible either by statute or the common law. With what propriety, then, can it be contended, that the eighth section of chapter 131 of R. S., allowing the complainant, under certain circumstances to be a witness, has been repealed? The only answer which the counsel for the respondent can give, is, that it was repealed in order to allow the putative father in all cases an opportunity to escape; and such would be the inevitable consequence; for by our decisions unless the complainant can first testify, the respondent, however guilty,

must be discharged; then no evidence, not even his confessions, are admissible against him.

But, says counsel, bastardy implies an offence against the criminal law, and a party cannot be a witness in such a suit, unless the defendant shall offer himself as a witness, and my client does not elect so to do, because, otherwise, no evidence can by any possibility be produced against him. It cannot be inferred that the legislature of 1856 entertained any such idea.

The respondent, on his own motion, was admitted to testify, and even if such admission was erroneous, he has no just cause of complaint.

As to the instructions requested by the respondent's counsel, and given or refused by the presiding judge, we perceive no evidence reported in the case upon which to base any such requests, and for aught that appears they were purely hypothetical.

*Exceptions overruled, and judgment on the verdict.*